MATTER OF KAWASAKI

In Section 212(e) Proceedings

A-13519058

*Decided by Deputy Associate Commissioner August 28, 1968*

"Exceptional hardship" within the meaning of section 212(e) of the Immigration and Nationality Act is established by an exchange visitor where his United States citizen spouse's mother has had surgical treatment for cancer, the condition recurred and cannot be eradicated, progressive disability is anticipated, the mother is dependent on her daughter for emotional support, and the exchange visitor's required departure would cause great mental anguish to his citizen spouse as would be latter's separation from her mother.

**Discussion:** The decision of the District Director on April 8, 1968, denying the subject's application for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that exceptional hardship had not been established has been certified to me for review, pursuant to 8 CFR 103.4.

The applicant, Masashi Kawasaki, a forty-year-old physician, is a native and citizen of Canada. He was admitted to the United States to participate in Exchange Visitor Program P-I-153 doing medical research at Washington University, St. Louis, Missouri. He is now an Assistant Professor in the Department of Otolaryngology at Washington University. Dr. Kawasaki has never participated in a Government sponsored program.

Satisfactory evidence of Dr. Kawasaki's marriage on November 11, 1966 and of the birth of his wife in the United States has been submitted. He resides with his wife in St. Louis, Missouri.

The mother of the applicant's wife is afflicted with cancer. She has had surgical treatment, but the condition has recurred. Her physician states that the cancer cannot be eradicated and that progressive disability is to be anticipated. As a result of her illness, Dr. Kawasaki's mother-in-law has developed a severe depression, which has required psychiatric treatment. Both the psychiatrist and the cancer specialist have certified that the mother-in-law is quite dependent on Mrs. Ka-

wasaki for emotional support. Mrs. Kawasaki is the only source of aid and comfort to her mother. The only other child, a son, is a captain in the United States Army and is unable to be present. It is clear that a separation of mother and daughter at this stage of the mother's illness can only add to their already great mental anguish. It would be unreasonable to expect Mrs. Kawasaki to accompany her husband abroad and deprive her mother of the care only she can provide. Also to require Dr. Kawasaki to depart the United States and leave his wife behind to go through this trying period alone is equally unreasonable.

Section 212(e) provides, in part, as follows:

> . . . upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest . . .

In view of the foregoing, it has been determined that compliance with the foreign residence requirement of section 212(e) would impose exceptional hardship upon Dr. Kawasaki's United States citizen spouse. The Secretary of State has recommended that the foreign residence requirement be waived. It is found that the admission of the applicant would be in the public interest.

**ORDER:** It is ordered that the application of Dr. Kawasaki for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be granted.